FILED

OCT 01 2019

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RONALD MASCARENA,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN KRAMER, OFFICER SCHWEIGRT, and BILLINGS POLICE DEPARTMENT,<br><br>Defendants. | CV 18-121-BLG-DLC-JCL<br><br>ORDER |

Before the Court is United States Magistrate Judge Jeremiah C. Lynch's Findings and Recommendations, which he entered in this matter on July 17, 2019. (Doc. 42.) There, Judge Lynch recommended that the Court grant summary judgment as to all defendants. (*Id.*) No party objects. *See* 28 U.S.C. § 636(b)(1)(C). Therefore, this Court reviews Judge Lynch's Findings and Recommendations for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

The rule is well-settled that a "judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (citation and internal quotation marks omitted). Summary judgment is appropriate when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(a).

### I. It is undisputed that Defendants Kramer and Schweigert did not violate Plaintiff's constitutional rights, and they are entitled to qualified immunity.

Defendants Kramer and Schweigert rely on the doctrine of qualified immunity to support their motion for summary judgment. (Doc. 42 at 10.) At the summary judgment stage, if the court finds that defendant officers' alleged conduct "did not violate a constitutional right, then the defendants are entitled to immunity and the claim must be dismissed." *Hopkins v. Bonvicino*, 573 F.3d 752, 762 (9th Cir. 2009). Where the plaintiff alleges excessive force as the relevant constitutional violation, the court "weigh[s] three non-exclusive factors: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of officers or others; and (3) whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1116 (9th Cir. 2017) (internal quotation marks and

citation omitted).

Judge Lynch found a dearth of disputed material facts on the issue of whether Defendants violated Plaintiff's constitutional right to be free from excessive force, and the Court finds no clear error in his conclusion. As to the first factor, Plaintiff does not dispute that, on the night of his arrest, he behaved belligerently toward both the bartender and patrons of The Monte. (*See* Doc. 32-1 at 3.) He does not dispute that he refused to leave The Monte at the bartender's request. (*Id.*) He does not dispute that he threatened to "come over the bar and f*** up [the bartender's] sh**" when the bartender dialed 9-1-1. (*Id.*) Accordingly, no genuine factual dispute exists as to the severity of Plaintiff's criminal conduct at The Monte that night.

Second, and related to the first factor, Plaintiff does not raise any genuine factual dispute as to whether he posed a serious threat to the safety of officers or others on the night of his arrest. He does not dispute that he was still across the street from The Monte—where he had undisputedly just threatened to "f*** up" an employee—when Defendant Kramer approached him. (Doc. 39-2 at 5.) And, he does not dispute the bartender's observations of the arrest scene—that Plaintiff was "flailing, aggressive, highly agitated, and spitfire cussing" while Defendant Kramer attempted to handcuff him. (Doc. 32-1 at 4.) The temporal and geographic proximity of the arrest to Plaintiff's undisputed criminal conduct at The

Monte posed serious threats to both law enforcement and the public.

Third and finally, Plaintiff does not dispute that he actively resisted arrest. In his response to Defendants' motion for summary judgment, he states that he asked, "What did I do wrong, Sir?" in an alleged effort to cooperate. (Doc. 39 at 2.) Be that as it may, he does not dispute that he refused to stop when Defendant Kramer commanded him to do so, resisted arrest, and refused to cooperate when Defendants attempted to place him in the police car. (*See* Doc. 39-2 at 4, 6, 7.) And, Plaintiff does not dispute that he kicked at Defendant Schweigert as he and Defendant Kramer attempted to detain Plaintiff in the police car. (Doc. 39-3 at 8.) Nor does Plaintiff dispute that Defendant Schweigert closed the car door only to shield himself from the kicks Plaintiff aimed at him. (*Id.*)

In sum, Plaintiff fails to present any genuine factual disputes on the issue of excessive force. In his Findings and Recommendations, Judge Lynch goes on to analyze whether the constitutional right violated was clearly established at the time of the Defendants' allegedly unlawful conduct. (Doc. 42 at 19–22.) However, because the Court finds no clear error in Judge Lynch's determination that the Defendants did not violate Plaintiff's constitutional rights, there is no need to address the second prong of qualified immunity analysis. *See Hopkins*, 573 F.3d at 762; *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

## II. Plaintiff presents no evidence that defendant Billings Police Department advances an unconstitutional policy related to excessive use of force.

Because the Court agrees with Judge Lynch's finding that no underlying constitutional violation exists, it follows that the Court also finds no clear error in his conclusion that the Plaintiff cannot establish a claim of municipal liability against Defendant Billings Police Department. (*See* Doc. 42 at 22 (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).) Additionally, the Court agrees with Judge Lynch's conclusion that, even if an underlying constitutional violation did exist, Plaintiff fails to present evidence of an unconstitutional custom, policy, or practice of excessive use of force, as required under *Monell*. *See Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658, 694 (1978).

Accordingly, because the Court sees no clear error in Judge Lynch's Findings and Recommendations (Doc. 42), IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 42) as to the grant of summary judgment are ADOPTED IN FULL.

(2) The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3) The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.

DATED this 1st day of October, 2019.

_Dana L. Christensen_
Dana L. Christensen, Chief Judge
United States District Court